IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY CAMPBELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1887-L-BH |
| | § | |
| WILLIAM P. BARR, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES; | § | |
| UNITED STATES DEPARTMENT OF | § | |
| JUSTICE; FEDERAL BUREAU OF | § | |
| PRISONS; and WILLIAM ONUH, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By orders dated June 2, 2020 (doc. 16), and June 23, 2020 (doc. 23), before the Court for recommendation are *Defendants Attorney General William P. Barr, United States Department of Justice, and Federal Bureau of Prisons' Motion to Dismiss*, filed June 1, 2020 (doc. 13), and *Defendant William Onuh's Motion to Dismiss*, filed June 22, 2020 (doc. 18). Based on the relevant filings, evidence, and applicable law, the motions should be **GRANTED in part**.

## I. BACKGROUND

On August 8, 2019, Casey Campbell (Plaintiff), a Protestant chaplain employed by the Federal Bureau of Prisons (BOP), sued William P. Barr, Attorney General of the United States (Barr), and William Onuh (Onuh) (collectively Defendants), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), for alleged employment discrimination. (docs. 1, 7.)

Plaintiff has worked as a chaplain at the Federal Medical Center (FMC) Carswell facility since 2008. (doc. 7 at 3.)[1] He alleges that beginning in 2012, Onuh, a co-worker and Catholic

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

chaplain at FMC Carswell, subjected him to religious discrimination and harassment because of his Protestant. (*Id.*) From 2013 through 2017, he complained about Onuh's discriminatory conduct and the resulting hostile work environment to BOP supervisors, but "no one of any authority took action to prevent the illegal religious discrimination by Onuh against [him] and others." (*Id.* at 4.) On May 2, 2017, Plaintiff filed a formal complaint of religious discrimination with the BOP Equal Employment Opportunity (EEO) office. (*Id.*) He specifically complained of "Onuh's repeated, disparaging remarks about Protestant chaplains, Onuh's refusal to escort non-Catholic volunteers at FMC Carswell as required by his job duties and Onuh's continued refusal and failures to supervise any non-Catholic activities at FMC Carswell, leaving non-Catholic chaplains like [Plaintiff] with extra work." (*Id.*) An outside company investigated Plaintiff's allegations and issued an investigation report on April 16, 2018, which was later submitted to BOP and the DOJ's Complaint Adjudication Office (CAO). (*Id.*)

On May 16, 2019, CAO issued a Final Agency Decision finding that the record supported a claim of harassment on the basis of religion (First FAD). (*Id.*; doc. 7-1.) It ordered BOP to "take immediate steps to remedy the harassment and take steps reasonably calculated to prevent future harassment, consistent with 29 C.F.R. § 1614.501(a)(2)," including providing EEO and anti-harassment training for Onuh and certain supervisory officials at FMC Carswell, as well as posting a notice regarding unlawful discrimination at the facility for 60 days. (doc. 7-1 at 28.) It also ordered BOP to award Plaintiff compensatory damages and reasonable attorney's fees. (*Id.* at 28-29.) If the parties could not agree to a mutually acceptable amount for compensatory damages and attorney's fees, CAO would issue a decision determining the appropriate award. (*Id.* at 29.) On July 12, 2019, the parties notified CAO that they were unable to reach an agreement regarding

2

compensatory damages and attorney's fees. (doc. 7-2 at 5.) After Plaintiff filed this action, on September 27, 2019, the CAO issued a final decision, finding that he was entitled to restoration of 153 hours of sick leave and 180 hours of annual leave, $15,000 in non-pecuniary damages, and $1,000 in attorney's fees (Second FAD). (*Id.* at 17-18.)

On December 25, 2019, Plaintiff filed an amended complaint seeking "to compel the remedies DOJ has determined he is entitled" to under Title VII. (doc. 7 at 2.) He alleges that he and his co-workers "have been subjected to religious discrimination and harassment in a pervasively hostile work environment at FMC Carswell that is largely due to the illegal and discriminatory behavior of" Onuh. (*Id.* at 1-2.) He claims the DOJ determined that he was a victim of religious discrimination, that he was entitled to compensation, and that BOP was to take immediate steps to remedy the harassment and prevent future harassment, but that BOP was not complying with the DOJ's order. (*Id.* at 2.) He requests "declaratory, injunctive, and equitable relief" under 28 U.S.C. § 2201 and the Court's "inherent equitable powers" for a determination of "the necessary steps to be taken by BOP to remedy the harassment" and "what steps should be taken by the BOP that wpould[sic] be reasonably calculated to prevent future harassment, consistent with 29 C.F.R. § 1614.501(a)(2)." (*Id.* at 6.) He also seeks monetary damages, attorney's fees, costs of suit, and prejudgment and post-judgment interest. (*Id.* at 6-7.)[2]

Because the docket reflected no service on the defendants, on January 7, 2020, Plaintiff was ordered to serve Defendants, or to show good cause for his failure to effect service, by January 27, 2020. (doc. 8.) He responded to the order on January 27, 2020, with a server's affidavit stating that "William P. Barr, Attorney General of the United States, a government agency" had been served by

---

[2]Plaintiff's Second Amended Complaint, filed June 22, 2020 (doc. 19), was stricken *sua sponte* on June 23, 2020, for failure to comply with Federal Rule of Civil Procedure 15(a). (*See* doc. 22).

personal delivery to a mail clerk at a government office building in Washington, D.C. (*See* doc. 9.) He also filed a response stating that he "accomplished service on Defendant BOP by serving the Attorney General," but that he could not accomplish service on Onuh because he was out of the country. (doc. 10 at 3.) On April 21, 2020, Plaintiff was ordered to effect service on Onuh by May 21, 2020, or show cause for the failure. (*See* doc. 11.) On May 21, 2020, Plaintiff filed a response showing that Onuh had authorized the United States Attorney for the Northern District of Texas (U.S. Attorney) to accept service on his behalf, and that the U.S. Attorney had accepted service of the summonses for Barr and Onuh. (*See* doc. 12 at 3-5.)

On June 1, 2020, Barr filed a motion to dismiss under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (doc. 13) Plaintiff responded on June 23, 2020, and Barr replied on July 6, 2020. (docs. 20, 27.) On June 22, 2020, Onuh filed a motion to dismiss on similar grounds as Barr, but Plaintiff did not file a response. (doc. 18.)

## II.  RULE 12(b)(1)

Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on grounds that Plaintiff's claims for relief are moot. (docs. 13 at 23; 18 at 17.)

**A.**    **Standard of Review**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912,

4

916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id*.

If the defendant supports the motion with evidence, however, then the attack is "factual" and

5

"no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Barr provides an Appendix that includes a declaration from a BOP supervisory attorney describing how BOP complied with the FADs, as well as copies of a 60-day notice posted at FMC Carswell, anti-harassment training certificates, BOP's Voucher Validation Report, and Plaintiff's Time and Attendance reports. (*See* doc. 14.) The motion therefore presents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations.

Plaintiff objects to the declaration, arguing that "the supposed evidence of BOP compliance with the CAO decisions is not probative of" federal subject matter jurisdiction under Rule 12(b)(1). (doc. 20 at 5.) He also provides his declaration chronicling recent incidents at FMC Carswell to show why BOP is not complying with the FADs. (doc. 21 at 3-6.) Where, as here, a party challenges the allegations supporting subject matter jurisdiction, "the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself it has the power to hear the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quotation omitted). As discussed below, evidence of BOP's compliance with the CAO's decision is central to Defendant's mootness argument, so the objection is overruled. *See Walker v. Potter*, No. SA-08-CA-342-FB, 2009 WL 10704989, at *4 (W.D. Tex. May 6, 2009), *aff'd by* 348 F. App'x 77 (5th Cir. 2009).

**B.     Mootness**

Defendants argue this case is moot because Plaintiff has already received all relief ordered by the CAO. (docs. 13 at 23-24; 18 at 17-18.) Plaintiff responds that his claims are not moot because he "continues to be subjected to illegal religious discrimination and harassment at FMC Carswell" despite the order that BOP remedy the Title VII violations. (doc. 20 at 10-14.)

The doctrine of mootness derives from Article III of the United States Constitution which restricts federal judicial power to "cases" or "controversies." *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008). A case becomes moot when the issues presented in a case are no longer "live," or when the parties lack a legally cognizable interest in the outcome of the case. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Title VII prohibits discriminatory employment practices in the Federal Government. *See* 42 U.S.C. § 2000e-16(a). A federal employee who believes that his employing agency discriminated against him in violation of Title VII must pursue administrative adjudication of his claims. *See id.* §§ 2000e-16(a)-(e); *see also Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) ("As a precondition to seeking [ ] judicial relief, [ ] complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency."). "Once a federal-sector employee exhausts [his] administrative remedies, [he] can file two types of civil actions: a suit to enforce the final administrative disposition, in which the court examines only whether the agency has complied with the disposition, or *de novo* review of the disposition." *Massingill v. Nicholson*, 496 F.3d 382, 384 (5th Cir. 2007) (quoting *Scott v. Johanns*, 409 F.3d 466 (D.C. Cir. 2005)) (citing other circuit cases and noting this is the majority view).

Here, Plaintiff's amended complaint alleges violations of Title VII and seeks "to compel the remedies [to which] DOJ has determined he is entitled." (doc. 7 at 2.) While Defendants contend that the case is moot because BOP complied with the FADs, "a defendant's voluntary cessation of allegedly illegal conduct does not automatically render a case moot." *Menard v. Nicholson*, No. CV 05-1449, 2007 WL 9778142, at *4 (E.D. La. Sept. 13, 2007) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). Moreover, "whether [BOP] has complied with the [FADs] goes to the *merits* of [Plaintiff's] claim, and not to whether the Court has *jurisdiction* to resolve that claim." *Farrington v. Johnson*, 206 F. Supp. 3d 634, 641 (D.D.C. 2016) (emphasis original); *see generally Massingill*, 496 F.3d at 384 (implicitly recognizing a district court's subject matter jurisdiction over "a suit to enforce the final administrative disposition" by the EEOC). The motions to dismiss for lack of subject matter jurisdiction should therefore be denied.

### III. RULE 12(b)(5)

Defendants also move to dismiss under Rule 12(b)(5) because Plaintiff failed to properly and timely serve each defendant. (docs. 13 at 20; 18 at 13.)

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (explaining that Rule 12(b)(5) challenges the method of service). A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See id.* (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)). Rule 4(c) places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of

8

the complaint. Fed. R. Civ. P. 4(c)(1).

Under Rule 4(i), when suing a federal agency or an employee in his official capacity[3], "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . or employee." Fed. R. Civ. P. 4(i)(2). To properly serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

*See id.* 4(i)(1).

Here, the affidavit of Plaintiff's process server states that "William P. Barr, Attorney General of the United States, a government agency" had been served by delivering the summons to a mail

---

[3] Plaintiff's amended complaint does not state the capacity in which he sues Barr and Onuh. Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities, and plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (same); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted). Plaintiff's allegations relate to BOP's obligations and its alleged failure to comply with the FADs. (*See* doc. 7.) The amended complaint identifies Barr as the executive of BOP and there are no factual allegations of personal involvement. (*Id.* at 2.) It identifies Onuh as a proper party because he would likely be affected by Plaintiff's "requests for declaratory, injunctive, and equitable relief." (*Id.* at 6.) Because Plaintiff seeks injunctive and declaratory relief, and his claim for monetary damages is based on this requested relief, he appears to sue Barr and Onuh in their official capacities only. *See Thomas v. State*, 294 F. Supp. 3d 576, 604 n.13 (N.D. Tex. 2018) (citations omitted).

9

clerk at a government office building in Washington, D.C. on January 24, 2020. (doc. 9.) Plaintiff contends that he "accomplished service on Defendant BOP by serving the Attorney General." (doc. 10 at 3.) He claims that service of Onuh was completed on April 23, 2020, when his attorney emailed the summons and amended complaint to the U.S. Attorney after he had been authorized to accept service on Onuh's behalf. (*See* doc. 12.) Under the federal rules, a plaintiff suing a federal agency or employee that does not send a copy of the summons and complaint by registered or certified mail to the Attorney General fails to comply with the procedural requirements for adequate service of process. *See* Fed. R. Civ. P. 4(i)(1). Because Plaintiff has not shown that he properly served the United States, he has not shown effective service of process on Defendants. *See McGowan v. Johnson*, No. 3:15-CV-1640-M-BH, 2016 WL 4468097, at *3 (N.D. Tex. Aug. 1, 2016), *adopted by* 2016 WL 4446629 (N.D. Tex. Aug. 24, 2016) (finding plaintiff did not properly serve the United States by serving a staff attorney for the Department of Homeland Security because he failed to show that the staff attorney was authorized to accept service on its behalf).[4]

Dismissal for insufficient service under Rule 12(b)(5) is typically not appropriate "unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and is "usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (citations omitted). Because Defendants also move for dismissal under Rule 12(b)(6), and the motions should be granted, as discussed below, dismissal without prejudice under Rule 12(b)(5) is unnecessary, so Defendants' motions to dismiss for insufficient service should be denied. *See Florance*, 500 F. Supp. 2d at 633 (denying defendants'

---

[4]Because a party suing a federal agency must also "send a copy of the summons and of the complaint *by registered or certified mail to the agency*," Plaintiff's failure to show that a copy of the summons and amended complaint had been sent to BOP by registered or certified mail also demonstrates ineffective service as to BOP. *See* Fed. R. Civ. P. 4(i)(2) (emphasis added).

motion to dismiss under Rules 12(b)(5) and 12(b)(2) because "dismissal for purposes of allowing plaintiff to serve defendants properly [was] unnecessary" when those same defendants "also filed motions to dismiss under Rule 12(b)(6)" that were granted); *see also Coleman*, 969 F. Supp. 2d at 746-54 (considering arguments for dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was proper).

## IV. RULE 12(b)(6)

Defendants move to dismiss the claims against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (docs. 13 at 24-29; 18 at 14-17.)[5]

**A.   Standard of Review**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[5]Barr argues that any claims against the DOJ and BOP should also be dismissed, but Plaintiff maintains that he has not sued the DOJ or BOP. (*See* docs. 13 at 29; 20 at 2.)

11

(emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation

omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Plaintiff attached copies of the FADs to his amended complaint. (*See* docs. 7-1, 7-2.) The amended complaint also specifically refers to them, and they are central to his claims, so they are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

As discussed, Defendants provide the declaration of a BOP supervisory attorney, as well as copies of the documents related to BOP's alleged compliance with the FADs. (*See* doc. 14.) Plaintiff provides his declaration in response to Barr's motion to dismiss. (doc. 21 at 3-6.) Although these documents may be considered central to Plaintiff's claims, and therefore part of the pleadings, *see Collins*, 224 F.3d at 498-99, they have not been considered for purposes of the Rule 12(b)(6) motions. Conversion of the motion to dismiss into a motion for summary judgment is therefore unnecessary. *See id.*; *Katrina Canal Beaches*, 495 F.3d at 205.[6]

**B.     Title VII**

Defendants argue that Plaintiff has failed to state a claim for enforcement under Title VII because it should have been brought under the Administrative Procedures Act (APA), 5 U.S.C. § 706. (docs. 13 at 24; 18 at 14.)

"Under Title VII, federal employees who secure a final administrative disposition finding

---

[6] Because these documents are not being considered for purposes of Defendants' motions to dismiss under Rule 12(b)(6), Plaintiff's objection to the supervisory attorney's declaration is moot. (*See* doc. 20 at 5.)

discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying *de novo* both liability and remedy." *Massingill*, 496 F.3d at 385 (quoting *Scott*, 409 F.3d at 470); *see also Puente v. Ridge*, 324 F. App'x 423, 426 (5th Cir. 2009) ("A federal employee who receives a favorable EEOC decision may sue in federal district court either to enforce that decision or to have the complaint reviewed de novo.") (citing 29 C.F.R. § 1614.503(g); 42 U.S.C. § 2000e–16(c); *Chandler v. Roudebush*, 425 U.S. 840, 846-56 (1976)).

> EEOC regulations provide, in relevant part:
>
> Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to *file a civil action for enforcement of the decision pursuant to Title VII*, the ADEA, the Equal Pay Act or the Rehabilitation Act and to *seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361*, or to commence de novo proceedings pursuant to the appropriate statutes.

29 C.F.R. § 1614.503(g) (emphasis added). "Courts have found that, under 29 C.F.R. § 1614.503(g), the prerequisites to filing a suit for enforcement are that (1) the Commission has determined that an agency is not complying with a prior decision, or (2) the agency has failed or refused to submit any required report of compliance." *Robinson v. Geithner*, No. CIV.A. H-11-0913, 2012 WL 1600020, at *5 (S.D. Tex. May 7, 2012) (citing cases). A plaintiff suing to enforce the terms of a final EEOC decision must also notify the EEOC of the agency's noncompliance. *See* 29 C.F.R. § 1614.504(a) ("If the complainant believes that the agency has failed to comply with the terms of a ... decision, the complainant shall notify the EEO Director ... of the alleged noncompliance."); *see also Puente v. Ridge*, 324 F. App'x 423, 426 (5th Cir. 2009) ("[E]nforcement of the EEOC order was not an avenue available to [plaintiff] in the district court because she did not notify the EEOC of her employer's non-compliance.").

Here, Plaintiff filed this lawsuit "to compel the remedies [to which] DOJ has determined he is entitled." (doc. 7 at 2.) He alleges that DOJ found that he was a victim of religious discrimination and ordered BOP to award him compensation, and to take the necessary steps to remedy and prevent future harassment at FMC Carswell, but "BOP is apparently not complying with this order from DOJ." (*Id.*) Because Plaintiff alleges noncompliance and seeks to enforce the final administrative decisions of the DOJ, he must file suit for enforcement and judicial review under the APA[7] or the mandamus statute[8]. *See* 29 C.F.R. § 1614.503(g); *see, e.g., Farrington v. Nielsen*, 297 F. Supp. 3d 52, 63 (D.D.C. 2018) (citing *Cheney v. United States Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004)) ("[W]here the EEOC has issued a final order, and the agency 'withholds' the required relief, the non-compliant agency is subject to suit under the APA, 5 U.S.C. § 706(1), and, in extraordinary circumstances, under the mandamus statute, 28 U.S.C. § 1361.").

Plaintiff "does not assert an APA claim," but instead argues that he is not required to sue under the APA because "Title VII is the remedy provided by Congress to federal employees to complain of illegal employment discrimination." (doc. 20 at 4.) He fails to point to any authority to support a federal cause of action for enforcement of an EEOC remedial order directly under Title VII, however. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). While he cites *Massingill*, in which the Fifth

---

[7] The APA authorizes suit by any person "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Judicial review is limited to "[a]gency action made reviewable by statute and final agency action for which there is no adequate remedy in a court." *Id.* § 704. As relevant here, § 706(1) of the APA requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1).

[8] The federal mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy available only where the plaintiff establishes: (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

Circuit case recognized a federal employee's right to enforce the final decision of the EEOC in federal court, it did not abrogate 29 C.F.R. § 1614.503(g) or the regulatory requirements of filing a civil action under the APA. *See* 496 F.3d at 384; *see also Farrington*, 297 F. Supp. 3d at 63 ("[T]he EEOC regulation does not authorize EEOC complainants to bring enforcement actions under Title VII; rather, it authorizes complainants who have obtained favorable administrative 'decision[s] pursuant to Title VII, the ADEA, the Equal Pay Act[,] or the Rehabilitation Act' to bring suit against a recalcitrant agency '*pursuant to the Administrative Procedure Act … and the mandamus statute*.'") (citing 29 C.F.R. § 1614.503(g) (emphasis added in *Farrington*)). Plaintiff cites no Title VII enforcement action in the Fifth Circuit that was not brought under the APA or the mandamus statute.

Because Plaintiff is not asserting a claim under the APA or the mandamus statute, and there is no independent federal cause of action for enforcement under Title VII, his claims against Defendants fail as a matter of law.[9] Accordingly, the motions to dismiss under Rule 12(b)(6) should be granted, and the Title VII claim against Defendants should be dismissed with prejudice.[10]

## C. **Declaratory Judgment Act**

Barr contends that Plaintiff's request for declaratory relief fails because he "cannot proceed under his claim under the Declaratory Judgment Act without demonstrating some other substantive

---

[9]Plaintiff argues that he also pursues a claim for "a *de novo* review of the disposition" under Title VII. (doc. 20 at 3-4.) Although he attempted to file a second amended complaint that asserts this claim, it did not comply with the procedural requirements for amending a pleading, and was *sua sponte* stricken by the court. (*See* docs. 19, 22.) Because the claim for *de novo* review was not raised in the amended complaint, but raised for the first time in response to a motion to dismiss, it is not properly before the Court. *See Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the court); *Davis v. DRRF Tr. 2015–1*, No. 5:15-CV-880-RP, 2016 WL 8257126, at *3 (W.D. Tex. Jan. 6, 2016) (declining to consider plaintiff's claim not raised in original petition, but raised for first time in response to motion to dismiss); *see also Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim that "is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court").

[10]Because Plaintiff's Title VII claim is otherwise subject to dismissal as a matter of law, it is unnecessary to reach Defendants' remaining arguments for dismissal under Rule 12(b)(6).

cause of action." (doc. 13 at 25.)

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and quotations omitted). The Act is an authorization and not a command and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiff seeks "declaratory, injunctive, and equitable relief" under the Act "to determine [his] rights to remedial action by BOP." (doc. 7 at 6.) As discussed, he fails to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (denying plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011), *aff'd by* 514 F. App'x 513, 2013 WL 657772 (5th Cir. 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). Accordingly, the motion to dismiss Plaintiff's request for declaratory, injunctive, and equitable relief under the Act should be granted.

## V.  RECOMMENDATION

Defendants' motions to dismiss under Rule 12 should be **GRANTED in part**, and all of Plaintiff's claims against them should be **DISMISSED with prejudice.**

**SO RECOMMENDED** on this 3rd day of February, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE